**CV 09 5416**

Saul D. Zabell (SZ 2738)
**ZABELL & ASSOCIATES, P.C.**
4875 Sunrise Highway, Suite 300
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

(S.F)

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
★ DEC 10 2009 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

WILFREDO DIAZ,

                        **Plaintiff,**

      – against –

**MAJOR AUTOMOTIVE GROUP,**

                        **Defendant.**

<u>COMPLAINT</u> **BLOCK, J.**

**GOLD, M.**

Case No.:

**Jury Trial Demanded**

Plaintiff, **WILFREDO DIAZ** (hereinafter, "Plaintiff"), by and through his attorneys, **ZABELL & ASSOCIATES, P.C.** complains and alleges as follows:

**INTRODUCTORY STATEMENT**

1. Plaintiff brings this action seeking monetary damages and affirmative relief based upon Defendant's violations of the Fair Labor Standards Act of 1938 (hereinafter "FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, the New York State Labor Law, N.Y. LAB. LAW §190 *et seq.*, the New York State Department of Labor Regulations ("NYDOL Regs"), 12 N.Y.C.R.R. §142-2.2, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* that he is entitled to recover from Defendant: (1) a statutory minimum wage for all hours worked, (2) liquidated damages, and (3) attorneys' fees and costs.

3. Plaintiff alleges, pursuant to the New York Labor Law, that he is entitled to recover from Defendant: (1) a statutory minimum wage for all hours worked, (2) liquidated damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367 and other appropriate rules, regulations, statutes and ordinances.

6. The unlawful employment practices alleged below were committed within the State of New York, County of Queens. Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff is a citizen of New York and resides in the County of Queens.

9. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the New York Labor Law, N.Y. LAB. LAW § 190(2) (McKinney 1986, Supp. 2001).

10. Upon information and belief, Defendant, Major Automotive Group, (hereinafter "Major" or "Defendant") is a domestic corporation operating in Queens County at 43-40 Northern Blvd., Long Island City, NY 11101.

11. At all times relevant to the Complaint, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the New York Labor Law, N.Y. LAB. LAW § 190(3) (McKinney 1986, Supp. 2001).

12. Upon information and belief, at all times relevant to the Complaint, Defendant has been an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to its operation of an automotive dealership.

13. Upon information and belief, at all times relevant to the Complaint, Defendant employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to its operation of an automotive dealership.

14. Upon information and belief, at all times relevant to the Complaint, Defendant employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § (s)(1)(B) in connection with its operation of an automotive dealership.

15. Upon information and belief, at all times relevant to the Complaint, Defendant employed employees, including Plaintiff, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with its operation of an automotive dealership.

**FACTS**

16. Plaintiff repeats and realleges each and every allegation contained herein.

3

17. Plaintiff was hired by Defendant in or about March 2006 as a commissioned Sales Representative.

18. As such, Plaintiff was to be compensated pursuant to the terms and conditions of a commission agreement which was executed by Plaintiff and Defendant.

19. Throughout the term of Plaintiff's employment with Defendant, he performed the essential functions of his position in a more than satisfactory manner and generated substantial sales revenue for Defendant.

20. Despite this fact, at all times relevant herein, Defendant violated the terms of Plaintiff's commission agreement, attached hereto as Exhibit "A," in the following manner:

21. Throughout his tenure, Defendant, without advising Plaintiff, deviated from the terms and conditions of the commission agreement.

22. Specifically, Plaintiff was denied compensation for all earned commission at the rate of 20% as stipulated by his commission agreement with Defendant. Defendant intermittently discounted Plaintiff's commission percentage without a legitimate basis, often providing Plaintiff with little or no compensation during workweeks.

23. As a consequence of this practice, Defendant frequently failed to pay Plaintiff minimum wage pursuant to the FLSA and New York State requirements.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA Violation)

24. Plaintiff repeats and realleges each and every allegation contained herein.

4

25. On numerous occasions during Plaintiff's tenure, Defendant failed to compensate Plaintiff at the applicable minimum wage during said pay periods.

26. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby and Defendant is indebted to Plaintiff in an amount to be determined at trial.

27. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendant.

### SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – New York Labor Law Violation)

28. Plaintiff repeats and realleges each and every allegation contained herein.

29. On numerous occasions during Plaintiff's tenure, Defendant failed to compensate Plaintiff at the applicable minimum wage during said pay periods.

30. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby and Defendant is indebted to Plaintiff in an amount to be determined at trial.

31. Upon information and belief, the records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in each workweek are in the exclusive custody and control of Defendant.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

32. Plaintiff repeats and re-alleges each and every allegation contained herein.

33. The commission agreement entered into by Defendant determined the amount of commissions to be paid to Plaintiff.

34. Defendant willfully breached the compensation plan by failing to compensate Plaintiff

according to the commission structure set forth by the Agreement.

35. By reason of Defendant's breach of the Agreement, Plaintiff has been damaged in an amount to be determined at trial plus interest.

### FOURTH CAUSE OF ACTION
### (Willful Failure to Pay Wages)

36. Plaintiff repeats and re-alleges each and every allegation contained herein.

37. The earned sales commissions Defendant was contractually obligated to pay Plaintiff, as set forth herein, constitute wages within the meaning of Sections 190, 198 and 198-c of the New York Labor Law.

38. Defendant's failure to pay Plaintiff earned commissions as set forth in the Agreement was "willful" as that term is used in Article 6 of the New York Labor Law because Defendant was aware that it was required to pay Plaintiff according to the compensation structure set forth in the Agreement.

39. Defendant's willful failure to pay Plaintiff earned commissions as set forth in the Agreement violates Article 6 of the New York Labor Law.

40. Pursuant to Sections 198(1) and 198(1-A) of the New York Labor Law, Plaintiff is entitled to statutory costs, attorneys' fees, and liquidated damages in the amount of twenty-five percent (25 %) of the total amount of wages found to be due.

41. Pursuant to Section 191-c (3) of the New York Labor Law, Plaintiff is entitled to double damages, an award of reasonable attorneys' fees, court costs, and disbursements in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment – Plead in the Alternative)

42. Plaintiff repeats and realleges each and every allegation contained herein.

43. Periodically, throughout his employment Defendant failed to provide Plaintiff with compensation in the form of earned sales commissions, overtime compensation and statutory minimum wages.

44. As a result of such actions, Defendant has been unjustly enriched and Plaintiff has suffered, and continues to suffer, tangible economic damages.

## SIXTH CLAIM FOR RELIEF
### (Fraud)

45. Plaintiff repeats and realleges each and every allegation contained herein.

46. Periodically, throughout Plaintiff's term employment with Defendant, Plaintiff was not provided with earned sales commissions consistent with the requirements of his commission agreement annexed hereto as Exhibit A.

47. Defendant proffered various illegitimate excuses for its failure to provide Plaintiff with his earned sales commissions.

48. Defendant intentionally and fraudulently misrepresented its reason(s) for failing to provide Plaintiff's with all earned sales commissions.

49. As a result of Defendant's actions, Plaintiff has suffered, and continues to suffer, substantial economic damages in an amount to be determined at trial.

7

## DEMAND FOR A JURY TRIAL

50. Plaintiff repeats and re-alleges each and every allegation herein of the Complaint with the same force and effect as if the same had been set forth at length herein.

51. Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff, respectfully requests that this Court grant the following relief:

   a) On the First, Second, Third, Fourth, Fifth, & Sixth Claims for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

   b) Order Defendant to pay Plaintiff a reasonable sum for expenses pursuant to the New York Labor Law, N.Y. LAB. LAW §§ 198, 663 (McKinney 2000);

   c) An award of liquidated damages where allowed by statute;

   d) Defendant be ordered to pay Plaintiff pre and post judgment interest;

   e) Order Defendant to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees;

   f) Declare Defendant violated the Fair Labor Standards Act and the New York State Labor Law; and

g) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
December 10, 2009

ZABELL & ASSOCIATES, P.C
*Attorneys for Plaintiff*

By: _____
Saul D. Zabell (SZ 2738)
4875 Sunrise Highway, Suite 300
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

FLSA consent form.pdf - Powered by Google Docs

Page 1 of 1

FLSA consent form.pdf
Download (12K)  Print (1 page)  Plain HTML

Google docs

Search the document

## FAIR LABOR STANDARDS ACT CONSENT

I, the undersigned, consent to be a party in <u>Wilfredo Diaz v. Major Automotive Group</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

_____
WILFREDO DIAZ

Dated: Bohemia, New York
November 20, 2009