UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WILFREDO DIAZ,

                            Plaintiff,                    09 CV 5416 (FB)(MG)

   -against-

MAJOR AUTOMOTIVE GROUP,                  ANSWER TO SECOND
                                                                    AMENDED COMPLAINT
                            Defendant.
------------------------------------------------------------------x

Defendant Major Chevrolet, Inc. s/h/a Major Automotive Group ("Major"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Second Amended Complaint, alleges as follows:

## INTRODUCTORY STATEMENT

1. Denies the allegations contained in paragraph 1, except admits that plaintiff purports to bring this action pursuant to the referenced statutes, rules and ordinances.

2. Denies the allegations contained in paragraph 2, except admits that plaintiff purports to bring this action pursuant to the referenced statutes.

3. Denies the allegations contained in paragraph 3, except admits that plaintiff purports to bring this action pursuant to the referenced statutes.

## JURISDICTION AND VENUE

4. Denies the allegations contained in paragraph 4, except admits that plaintiff purports to predicate jurisdiction on the referenced statutes.

5. Denies the allegations contained in paragraph 5, except admits that plaintiff purports to predicate jurisdiction on the referenced statutes.

6. Denies the allegations contained in paragraph 6, except admits that plaintiff purports to predicate venue pursuant to the referenced statutes.

7. Denies the allegations contained in paragraph 7, except admits that plaintiff purports to invoke the Court's authority to issue declaratory relief pursuant to the referenced statutes.

## THE PARTIES

8. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9, and refers to the referenced statutes for the terms thereof.

10. Admits the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11, and refers all questions of law to the Court.

12. Denies the allegations contained in paragraph 12, and refers all questions of law to the Court.

13. Denies the allegations contained in paragraph 13, and refers all questions of law to the Court.

14. Denies the allegations contained in paragraph 14, and refers all questions of law to the Court.

15. Denies the allegations contained in paragraph 15, and refers all questions of law to the court.

16. Denies the allegations contained in paragraph 16, and refers all questions of law to the Court.

17.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

## FACTS

18.     Repeats the allegations contained in paragraphs 1 through 17.

19.     Admits the allegations contained in paragraph 19.

20.     Admits the allegations contained in paragraph 20.

21.     Admits the allegations contained in paragraph 21.

22.     Denies the allegations contained in paragraph 22.

23.     Denies the allegations contained in paragraph 23.

24.     Denies the allegations contained in paragraph 24.

25.     Denies the allegations contained in paragraph 25.

26.     Denies the allegations contained in paragraph 26.

27.     Denies the allegations contained in paragraph 27.

28.     Denies the allegations contained in paragraph 28.

29.     Denies the allegations contained in paragraph 29.

30.     Denies the allegations contained in paragraph 30.

31.     Denies the allegations contained in paragraph 31.

32.     Denies the allegations contained in paragraph 32.

33.     Denies the allegations contained in paragraph 33.

## FIRST CLAIM FOR RELIEF

34.     Repeats the allegations contained in paragraphs 1 through 33.

35.     Denies the allegations contained in paragraph 35.

36.     Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

## SECOND CLAIM FOR RELIEF

38. Repeats the allegations contained in paragraphs 1 through 37.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

## THIRD CAUSE OF ACTION

42. Repeats the allegations contained in paragraphs 1 through 41.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

## FOURTH CAUSE OF ACTION

46. Repeats the allegations contained in paragraphs 1 through 45.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. Denies the allegations contained in paragraph 52, and refers all questions of law to the Court.

53. Denies the allegations contained in paragraph 53, and refers all questions of law to the Court.

## FIFTH CAUSE OF ACTION

54. Repeats the allegations contained in paragraphs 1 through 53.

55. Denies the allegations contained in paragraph 55, and refers all questions of law to the Court.

56. Denies the allegations contained in paragraph 56, and refers all questions of law to the Court.

57. Denies the allegations contained in paragraph 57, and refers all questions of law to the Court.

58. Denies the allegations contained in paragraph 58, and refers all questions of law to the Court.

59. Denies the allegations contained in paragraph 59, and refers all questions of law to the Court.

## SIXTH CLAIM FOR RELIEF

60. Repeats the allegations contained in paragraphs 1 through 59.

61. Denies the allegations contained in paragraph 61.

62. Denies the allegations contained in paragraph 62.

## SEVENTH CLAIM FOR RELIEF

63. Repeats the allegations contained in paragraphs 1 through 62.

64. Denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68.

## EIGHTH CLAIM FOR RELIEF

69. Repeats the allegations contained in paragraphs 1 through 68.

70. Denies the allegations contained in paragraph 70.

71. Denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72.

## NINTH CLAIM FOR RELIEF

73. Repeats the allegations contained in paragraphs 1 through 72.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75.

76. Denies the allegations contained in paragraph 76.

## TENTH CLAIM FOR RELIEF

77. Repeats the allegations contained in paragraphs 1 through 76.

78. Denies the allegations contained in paragraph 78.

79. Denies the allegations contained in paragraph 79.

80. Denies the allegations contained in paragraph 80.

## ELEVENTH CLAIM FOR RELIEF

81. Repeats the allegations contained in paragraphs 1 through 80.

82. Denies the allegations contained in paragraph 82.

83. Denies the allegations contained in paragraph 83.

84. Denies the allegations contained in paragraph 84.

## TWELFTH CLAIM FOR RELIEF

85. Repeats the allegations contained in paragraphs 1 through 84.

86. Denies the allegations contained in paragraph 86.

87. Denies the allegations contained in paragraph 87.

### THIRTEENTH CLAIM FOR RELIEF

88. Repeats the allegations contained in paragraphs 1 through 87.

89. Denies the allegations contained in paragraph 89.

90. Denies the allegations contained in paragraph 90.

### ANTICIPATED FOURTEENTH CLAIM FOR RELIEF

91. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 91.

92. Repeats the allegations contained in paragraphs 1 through 91.

93. Denies the allegations contained in paragraph 93.

94. Denies the allegations contained in paragraph 94.

95. Denies the allegations contained in paragraph 95.

### DEMAND FOR A JURY TRIAL

96. Repeats the allegations contained in paragraphs 1 through 95.

97. No response is required to paragraph 97.

### FIRST AFFIRMATIVE DEFENSE

98. The Complaint fails to state any claims for relief.

### SECOND AFFIRMATIVE DEFENSE

99. On information and belief, Plaintiff has failed to mitigate his alleged damages.

### THIRD AFFIRMATIVE DEFENSE

100. Plaintiff has suffered no damages or pecuniary loss attributable to actionable conduct by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

101.  Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

102.  Plaintiff's claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

103.  Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

104.  Plaintiff's claims are barred by the doctrine of *in pari delicto*.

## EIGHTH AFFIRMATIVE DEFENSE

105.  Plaintiff's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

106.  Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, confirmation and acquiescence.

## TENTH AFFIRMATIVE DEFENSE

107.  Plaintiff's claims are time-barred in whole or part.

## ELEVENTH AFFIRMATIVE DEFENSE

108.  Defendant's acts were undertaken in good faith without reckless disregard for Plaintiffs' statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations and orders and with reasonable grounds for believing that their actions were in compliance with the law.

### TWELFTH AFFIRMATIVE DEFENSE

109. Any damages Plaintiff allegedly sustained resulted from Plaintiff's own culpable or negligent conduct, or that of third parties, and were not the proximate result of any act of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

110. At all times relevant, Defendant acted reasonably and in the proper and lawful exercise of its discretion and business judgment, and without intent to violate Plaintiff's rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

111. Plaintiff was paid properly pursuant to the applicable statutes because Defendant paid its commissioned salespeople more than one and one half times the applicable minimum wage.

### FIFTEENTH AFFIRMATIVE DEFENSE

112. Plaintiff's claims are precluded by, or barred as inconsistent with, applicable agreements, including collective bargaining agreements.

### SIXTEENTH AFFIRMATIVE DEFENSE

113. Any premium and overtime pay Plaintiff received during the course of his employment must be offset against any alleged liability asserted in the Complaint, in whole or in part.

### SEVENTEENTH AFFIRMATIVE DEFENSE

114. Plaintiff has not satisfied all of the conditions precedent and procedural prerequisites to maintaining this action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

115. Any alleged discriminatory conduct referred to in the Second Amended Complaint, even if proved, would have been taken by Major for legitimate non-discriminatory reasons irrespective of any illegal discrimination.

### NINETEENTH AFFIRMATIVE DEFENSE

116. At all times relevant to this action, the Defendant had in effect policies and procedures for the prevention and correction of illegal workplace harassment, discrimination and retaliation, including harassment on the basis of race, national origin and/or disability, and Defendant exercised reasonable care to prevent and correct promptly any such harassing, discriminatory or retaliatory behavior. Plaintiff unreasonably failed to report alleged harassment, discrimination or retaliation on the basis of his race, national origin and/or disability and unreasonably failed to take advantage of any of the Defendant's procedures for preventing and/or correcting illegal harassment, discrimination or retaliation.

### TWENTIETH AFFIRMATIVE DEFENSE

117. To the extent Plaintiff was compensated beyond his actual entitlement, such additional compensation would satisfy in whole or part his claims herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

118. Plaintiff's claims are subject, in whole or part, to set-off.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

119. To the extent Plaintiff alleges any impermissible motivation in Defendant's treatment of him, Defendant would have taken the same action in the absence of such impermissible motivating factor.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

120.     Plaintiff's claims are barred, in whole or in part, for failure to exhaust his administrative remedies and/or comply with the jurisdictional prerequisites of the relevant statutes.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

121.     Plaintiff has not pleaded fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

WHEREFORE, Defendant respectfully requests that:

a. The Court dismiss the Complaint in its entirety with prejudice;

b. The Court award it the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

c. The Court grant such other and further relief as is just and proper.

Dated:     New York, New York
           April 5, 2010

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Peter T. Shapiro (PS 9692)
Attorneys for Defendant
199 Water Street
New York, New York 10038
212-232-1300
pshapiro@lbbslaw.com

To:   ZABELL & ASSOCIATES, P.C.
      Saul D. Zabell (SZ 2738)
      Attorneys for Plaintiff
      4875 Sunrise Highway – Suite 300
      Bohemia, New York 11716

## CERTIFICATE OF SERVICE

Peter T. Shapiro, an attorney duly admitted to practice before this court, certifies that on April 5, 2010, he caused to be served via first class mail and filed via ECF, a copy of the within Answer upon the Plaintiff's attorney of record.

_____
Peter T. Shapiro (PS 9692)