UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
**WILFREDO DIAZ,**

                          **Plaintiff,**

- against -                                         **MEMORANDUM AND ORDER**
                                                           **09-cv-5416 (FB)**

**MAJOR AUTOMOTIVE GROUP,**

                          **Defendant.**
-----------------------------------------------------------X
-----------------------------------------------------------X
**CHRISTIAN ANTHONY LOPEZ,**

                          **Plaintiff,**

- against -                                              **10-cv-1208 (FB)**

**MAJOR AUTOMOTIVE GROUP,**

                          **Defendant.**
-----------------------------------------------------------X

**Gold, S., U.S.M.J.:**

      By letter application dated October 6, 2010, plaintiffs seek reconsideration of a ruling I made in these two related cases during a telephone conference held earlier on that same date. I ruled during that conference that the depositions of plaintiffs should be held before defendant was deposed, even though plaintiffs served deposition notices before defendant did. Plaintiffs seek reconsideration in light of several cases that they did not have an opportunity to bring to my attention before I made my ruling.

      The cases cited by plaintiff do not persuade me to change my ruling. The only recent decision plaintiffs cite is *Nimkoff v. Dollhausen,* 2009 U.S. Dist. Lexis 58494, 08-Civ-2856 (E.D.N.Y. July 9, 2009). *Nimkoff,* however, does not hold that depositions must be conducted in the order in which notices were served; to the contrary, the Court explicitly stated that "notices

[of deposition] do not . . . guarantee a particular order."

The remaining cases cited by plaintiffs were each decided more than forty years ago. The age of these decisions is relevant because the Federal Rules of Civil Procedure have been substantially revised since that time. In 1983, Rule 16 was amended to "make[] scheduling and case management an express goal of pretrial procedure." 1983 Advisory Committee Note, Subdivision (a). Even more significantly, Rule 26(d), which was added to the Federal Rules in 1970, provides that no discovery may be had until a Rule 26(f) planning session is held. Of particular pertinence to plaintiff's pending motion, the Advisory Committee note explaining the 1970 amendments to Rule 26 states as follows with respect to Rule 26(d):

> This new provision is concerned with the sequence in which parties may proceed with discovery and with related problems of timing. The principal effects of the new provision are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case. A priority rule developed by some courts, which confers priority on the party who first serves notice of taking a deposition, is unsatisfactory in several important respects.

Even the early cases cited by plaintiffs do not support their position. For example, in *Int'l Commodities Corp. v. Int'l Ore & Fertilizer Corp.*, 30 F.R.D. 58 (S.D.N.Y. 1961), the court held that, "in numerous cases it has been held that normally the notice first served is given priority. Nevertheless, for good and sufficient reasons, this priority may be varied where there is a timely opportunity for the court to determine the question." 30 F.R.D. at 62. Similarly, in *Prodear, S.A. v. Robin Int'l Cinerama Corp.*, 32 F.R.D. 434 (S.D.N.Y. 1963), the court favorably cited *Reading-Sinram-Streat Coals Inc. v. Metro. Petroleum Corp.*, 21 F.R.D. 333 (S.D.N.Y. 1958), where the Court noted that, "as a general rule, it would be preferable that the defendant be afforded first right to take the deposition of the plaintiff." 21 F.R.D. at 334.

For all these reasons, I decline to alter the ruling I made during the telephone conference on October 6, 2010, directing that the depositions of plaintiffs be held before defendant is deposed.

Defendant asks me to modify my ruling granting plaintiffs' request that the deposition of defendant take place at the offices of plaintiffs' counsel. Generally, a party noticing a deposition may designate the location where it will be held. Fed. R. Civ. P. 30(b)(1). The offices of plaintiffs' counsel are located within the Eastern District of New York. The defendant, a business, operates at a location in Queens, New York. Sec. Am. Compl. ¶ 11 (admitted by defendant in its answer). Accordingly, defendant will not suffer any undue hardship if required to appear at the offices of plaintiffs' counsel for deposition. I therefore decline to amend this aspect of my ruling as well. Of course, counsel may, if they choose, agree that party depositions will be held at the offices of the attorney for the party being deposed rather than at the offices of counsel conducting the deposition.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
October 15, 2010

*U:\diaz.wpd*